# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-5143**                                          **September Term, 2023**

1:19-cv-02316-RC

**Filed On: December 7, 2023**

William Pakosz,

       Appellant

     v.

Antony J. Blinken, in his official capacity as Secretary of State, of the United States of America and United States of America,

       Appellees

Michelle Boulton and Rick Dale Hollingsworth,

       Appellants

_____

**No. 23-5111**

David Alan Carmichael and Lawrence Donald Lewis,

       Appellants

William Pakosz,

       Appellee

     v.

Antony J. Blinken, in his official capacity as Secretary of State, of the United States of America and United States of America,

       Appellees

------------------------------

Consolidated with 23-5113

      **BEFORE:**    Millett, Pillard, and Garcia, Circuit Judges

**O R D E R**

      Upon consideration of the motion to govern future proceedings filed in No. 22-5143, and the response thereto; the motion to consolidate No. 22-5143 with No. 23-5111, et al., and the opposition thereto; the motion to hold No. 23-5111, et al., in abeyance, the opposition thereto, and the reply; the motions to hold No. 22-5143 in abeyance, and the oppositions thereto; the motion for summary affirmance filed in No. 23-5113 and the briefs filed by appellant Hollingsworth in No. 22-5143; the Clerk's order to show cause filed August 16, 2023 in No. 23-5113, and the response thereto; the motion to dismiss filed in No. 23-5113; the motion to compel filed in No. 23-5113, the opposition thereto, and the reply; and the motion for permission to file electronically in No. 23-5113, the response thereto, and the reply, it is

      **ORDERED** that the motion to consolidate be denied. It is

      **FURTHER ORDERED** that the motions to hold in abeyance be denied. It is

      **FURTHER ORDERED** that the order to show cause in No. 23-5113 be discharged. It is

      **FURTHER ORDERED** that the motion for summary affirmance filed in No. 23-5113, which seeks summary affirmance of the district court's March 25, 2022 order denying appellant Hollingsworth's motion for substitution, be redocketed in No. 22-5143 and granted. The court construes the motion for summary affirmance as applying to No. 22-5143, in which Hollingsworth appeals that order. Assuming without deciding that No. 22-5143 was filed prematurely, it ripened upon the district court's entry of final judgment on March 20, 2023. See Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order — but before the entry of the judgment or order — is treated as filed on the date of and after the entry."). The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court properly denied the motion for substitution because William Pakosz's equitable claims had been extinguished by his death and his other claims had been dismissed, leaving no live claims to be pursued on his behalf. See Fed. R. Civ. P. 25(a).

      As to appellant Boulton's appeal in No. 22-5143, the court concludes, on its own motion, that oral argument will not assist the court. Accordingly, the court will dispose of appellant Boulton's appeal without oral argument on the basis of the record and the presentations in the briefs. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

      **FURTHER ORDERED** that the motion to dismiss in No. 23-5113 be granted.

The appeal was purportedly brought on behalf of a decedent, William Pakosz, but no party has filed a motion on appeal to substitute the decedent's personal representative for the decedent. See Fed. R. App. P. 43(a) (describing process for substitution for decedent on appeal); see also Cobell v. Jewell, 802 F.3d 12, 24 (D.C. Cir. 2015) (explaining that substitution is necessary because "one foundational and indispensable element of a case or controversy is that a plaintiff have a personal stake in the outcome at all stages of the litigation") (internal quotation marks omitted); see also Jones v. Bd. of Governors of Fed. Reserve Sys., 79 F.3d 1168, 1170 (D.C. Cir. 1996) (examining Rule 43 in the context of a petition for review and concluding the court lacked procedural authority to substitute entity for individual petitioner when entity had not filed substitution motion as prescribed by Rule 43(a)). It is

**FURTHER ORDERED** that the motion to compel and the reply in support thereof, which were filed in No. 23-5113, be redocketed in No. 23-5111, and that the motion be denied. In his reply, appellant Carmichael has disclaimed any intent to seek summary reversal or interim relief. To the extent he seeks other relief, he is directed to address such relief in his merits brief in No. 23-5111. It is

**FURTHER ORDERED** that the motion for permission to file electronically and the reply in support thereof, which were filed in No. 23-5113, be redocketed in No. 23-5111, and that the motion be granted in part and denied in part. To the extent appellant Carmichael requests permission to electronically file submissions signed by and submitted on behalf of himself and appellant Lewis in No. 23-5111, the motion is granted. To the extent Carmichael requests permission to file submissions in cases in which he is not a party, or to file submissions in No. 23-5111 that are not signed by him and submitted on his own behalf, the motion is denied. Appellants are reminded that a pro se litigant may not represent another person in court. See, e.g., Georgiades v. Martin-Trigona, 729 F.2d 831, 834 (D.C. Cir. 1984).

The Clerk is directed to enter a briefing schedule for No. 23-5111.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate in No. 23-5113 until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**