No. 22-5143

United States Court of Appeals for the District of Columbia

Pakosz, et al.

Appellants

v.

Antony L. Blinken, et al.

Appellee

Appeal from the United States District Court for the District of Columbia
Case No 1:19-cv-02316-RC
The Honorable Rudolph Contreras

# Appellant Rick Dale Hollingsworth Reply Brief

# Re: Appeal Brief 1973122 & Appellee Response 1976791

(Unrepresented)

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

DEC 27 2022

RECEIVED

TABLE OF CONTENTS

Table of contents ................................................................................................. i

Table of Authorities ............................................................................................ ii

The Appellee Is Right and Wrong ...................................................................... 1

The Substitute Is the Proper Party, Not Merely Someone Who Represents ..... 2

Hollingsworth Was Substitute As of Right in the District Court ...................... 4

Rule 43(a) Is Not the Controlling Rule .............................................................. 4

The Alternative Ground Cited by the Government Is a Circular Argument ..... 5
    Against Its First Erroneous Claim of Grounds for Dismissal

The Government's Case Citings Reveal That Pakosz's Suit Was Not ............. 6
    Subjected to a Final Judgment

The Pakosz Case File Requires Examination to Show a Substitute Is Needed ......... 6

Conclusion .......................................................................................................... 7

# TABLE OF AUTHORITIES

**United States Constitution**

    Ninth Amendment ................................................................................. 3
    *Rights Retained*

**United States Court of Appeals**

    *Ferguson v. Schuylkill* ......................................................................... 3
    929 F.2d 591 (11th Cir. 1991)

**Federal Rules of Appellate Procedure**

    Rule 43(a) ............................................................................................. 5
    *Death of A Party*

**Federal Rules of Civil Procedure**

    Rule 25(a) ......................................................................................... 3, 4
    *Substitution of Parties*

**United States Code**

    28 U.S.C. § 1291 ............................................................................... 1, 5
    *Final Decisions of District Courts*

**The Appellee Is Right and Wrong**

1.  After reading the response of the Appellants, I am convinced by their argument that the first two issues, paragraphs 4. a) through b) and 5. a) through f) are reserved still to the district court. The litigation has not resolved the case for all of the involved parties. However, paragraphs 6. a) and b) of my appeal brief is where the Circuit Court is sought to review and provide relief. I have not waived it as the Appellee says.

2.  According to the argument and case citings of the government in their Appellee Brief, the decision of the district court on March 25, 2022, was not "final" as to all of the parties in the litigation and is of itself not final as contemplated by 28 U.S.C. § 1291. The suit is alive, and the merits of Pakosz complaint regarding damages is still being litigated in the district court.

3.  The issue remaining for review is whether the district court did "Error in law and abuse discretion where it denied me, Hollingsworth, the right to substitute for Pakosz . . . ." (Pakosz Brief, p. 5, ¶ 6 a)). My rights to substitute for William are collateral to the merits of the case. Since I was excluded from the case by the denial of my motion to substitute, Pakosz's case is ongoing without a proper person declared as his substitute.

> "As explained below, Defendants' motion is granted as to all damages claims, and with the equitable claim for Pakosz's passport no longer available due to his death, there appears to be no remaining claim. The motions for substitution are therefore denied."

1

4. The litigation is addressing the basis upon which Pakosz's suit was dismissed, namely that there are no damages available to him. The case is continuing without me, the one who is the voice from the grave of my friend and family William Mitchell Pakosz. The Circuit Court must determine whether I should have been excluded from participation as substitute in a case which the government appellees admit is ongoing.

5. I briefed the facts of Pakosz's situation because the district court essentially said that Pakosz's case lacks merit for damages. Yet, his case is still alive until all parties are dismissed. It is alive on a cross-motion for amendment to the complaint to which William Mitchell Pakosz was evidenced as Proper Party in the original complaint's statement of facts, and subsequently named so by motion and amendment. I, as substitute for Pakosz, am the Proper Party to join the cross-motion that is being considered at this moment by the district court.

6. It is incumbent upon the Circuit Court to determine whether the collateral order of the district court denying substitution is an abuse of discretion. The district court mush allow for a substitution until the judgment against, or for, all parties in the suit was finally judged.

**The Substitute Is the Proper Party, Not Merely Someone Who Represents**

7. The government has made the argument that I have no right to be named a Proper Party under the rule that a pro se cannot "represent" another in litigation.

2

This goes to Statement of Issues in my brief, page 3, ¶ 6. c) (*sic*). "Is the substitute able to take facts that emerged during the case, and exercise due process through discovery to identify the lawless actions of the perpetrators under-the-color-of-law who committed the new offences against Pakosz, so that Hollingsworth may to (sic) seek damages for Pakosz and his survivors?" The Circuit Court needs to determine whether FRCP Rule 25(a) excludes people who cannot afford a lawyer from vindicating their, Ninth Amendment protected, common law right to represent themselves as a Proper Party substitute of the Party deceased.

8. Federal Rule of Civil Procedure, Rule 25(a) says that the court may order substitution of the proper party. The court is to order a substitution of the proper party, not "one who represents" the proper party. "A motion for substitution may be made by any party (noun) or by the decedent's successor (noun) or representative (noun)." Under this rule, whether or not one is a party (noun), or successor (noun), or representative (noun), before the court order, the one who moves to be a proper party substitute becomes a proper party and may as a substitute represent their own interest in the status as a proper party in substitute who represents themselves pro se. That is how the common logic of the text reads. The government's response cited *Ferguson,* 647 F. App'x at 70 (3rd Cir., 2016) to say that one cannot file a motion for substitution pro se quoting "A *pro se* litigant may not represent another person in court." Though it is true that a *pro se* litigant

3

may not represent (verb) another person in court, a proper party represents themselves as one declaring to be a proper party?

**Hollingsworth Was Substitute As of Right in the District Court**

9.  I (Hollingsworth) presented myself as first blood or first friend. That status was affirmed by Pakosz's wife and daughter. The common law recognizes powers of coverture whereby a close male family member has the duty to stand for the rights of his female family. I declared publicly my role of a substitute of the house of William Mitchell Pakosz. No friend, family or foe, has stepped up to contest the claim. The district court did not rule that I could not be a proper party in the March 25, 2022 order. I (Hollingsworth) was denied the right to substitute (rather than represent) for merely that dead men don't get passports.

10.  It appears in the logic of the context of the language of Rule 25(a) that the use of three words, some of which can be broadly defined, are in support of the common law liberty of first blood or first friend to substitute in the situation where William Mitchell Pakosz represented his injuries and complaints in his written suit for damages. Rule 25(a) and its wording should be liberally construed when their intent is clearly for the protection of rights and to reach justice.

**Rule 43(a) Is Not the Controlling Rule**

11.  The Government Appellees's first attack on the Hollingsworth Brief is erroneous where the government says that I "never moved to substitute for Pakosz

on appeal under Fed. R. App. P. 43(a)." All of the steps listed on page 28 in the government's response brief occurred in the district court (ECF 113). If Pakosz had survived to this day, his case would still be before the district court with his fellow complainants Carmichael and Lewis. The rule Fed. R. App. P. 43(a) cited can only apply if Pakosz died <u>after</u> the district court's march 25, 2022, order.

12. If my argument persuades the Circuit Court to reverse the district court's denial of my substitute motion, I am then the substitute as far as all courts are concerned. If Pakosz's case does not lack damages, I am the substitute from the time that my motion was filed in the district court (ECF 113).

**The Alternative Ground Cited By The Government Is a Circular Argument Against Its First Erroneous Claim of Grounds for Dismissal**

13. The government's brief on p. 30 misconstrues the significance of the motions panel. Pakosz's case is in locked step and wholly intertwined to the ongoing litigation with his fellow complainants Carmichael and Lewis. The merits of their suit are the merits of Pakosz suit with regard to whether they adequately made a claim for damages under the various theories of law that they presented to the district court in their complaint. Also, there is that matter of whether the district court erroneously regarded their complaint as excluding those bad actors, unnamable at the time, whose malevolent acts made them liable in their private capacity once their identities and particular actions could be scrutinized by discovery. Whether Pakosz is dead or not, his damages claims remain alive and I

have a right to pursue them as Pakosz's substitute.

**The Government's Case Citings Reveal That Pakosz's Suit Was Not Subjected to a Final Judgment**

14. On its face, 28 U.S.C. § 1291, applies as the jurisdictional statute which gives me standing to appeal the decision. The government's argument in their response brief argues simultaneously that the Pakosz suit remains pending in the district court while also making an objectionable statement that raises a controversy that requires this Circuit Court to make a decision on the merits. Here is their contradicting statement "While it is undisputed that Pakosz lacks any claim remaining to be litigated in the district court, he is also without a final judgment to appeal at this point because his co-plaintiffs' claims remain pending" (Govt. Resp. p. 31, last para.)." There are then two things for the Circuit Court to consider, with both of those considerations being a power under the Circuit Court's jurisdiction. If Pakosz's suit as it was in the district court remains to have controversies over damages and who the parties should be as liable defendants, then the district court decision of March 25, 2022, is not final and the case ought to remain properly before the district court on the current motions where all parties can address those issues. That is a determination to be made and ordered by this Circuit Court.

**The Pakosz Case File Requires Examination to Show a Substitute Is Needed**

15. I briefed the facts and record of Pakosz's case to show that the merits of his case should not be extinguished as moot. There are damages, due process, and

6

parties that need to be exposed and named to the suit. If Carmichael and Lewis's cases are not final in the district court, then of course Pakosz's case ought to be still pending there. The case cannot be properly represented without a Pakosz substitute to pursue discovery to the end of reaching money damages from malevolent actors.

## Conclusion

16. Essentially, the government's response brief argues for my proposal that I am demanding the Circuit Court, to grant review of the collateral case that is final regarding me. The district court order of March 25, 2022 denying me substitute status should be reversed.

ss: _____    Date: December 23, 2022
Rick Dale Hollingsworth
14930 Greenbrier Lane
Homer Glen, Illinois 60491

## CERTIFICATE OF SERVICE

I, Michelle Boulton, certify that I served to the U.S. Court of Appeals, U.S. Circuit Court, District of Columbia, in the case of *Pakosz, et al., v. Blinken, et al.*, case no. 22-5143, the Appellants' "Appellant Rick Dale Hollingsworth's Reply Brief." I served the court and parties at:

Clerk, United States Court of Appeals
333 Constitution Avenue, N.W.
Washington, DC 20001 (Priority Mail)

David James Byerley
U.S. Department of Justice
(DOJ) Civil Division, Office of Immigration Litigation
PO Box 868, Ben Franklin Station
Washington, DC 20044-0868  (Priority Mail)

United States Attorney
United States Attorney's Office
c/o Stephen DeGenaro
601 D. Street, N.W.
Washington, D.C. 20530 (Priority Mail)

William Mitchell Pakosz c/o Rick Hollingsworth
14930 Greenbrier Lane
Homer Glen, Illinois  60491  (Priority Mail)

Michelle Boulton
8491 Hospital Dr., #178
Douglasville, Georgia  30134-2412 (Hand delivery)

I certify under the penalty of perjury under the laws of the United States of America, that the foregoing is true.

_____         Dec 23 2022
Michelle Boulton                                   Date
8491 Hospital Dr., #178
Douglasville, Georgia  30134-2412

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

DEC 27 2022

RECEIVED