ORAL ARGUMENT NOT SCHEDULED

No. 22-5143

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

RICK DALE HOLLINGSWORTH,
*Movant-Appellant*,

MICHELLE BOULTON
*Movant-Appellant,*

*v.*

ANTONY BLINKEN, *et al.*,
*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
No. 1:19-cv-02316 | Hon. Rudolph Contreras

## DEFENDANTS-APPELLEES' BRIEF

BRIAN M. BOYNTON
*Principal Deputy Assistant*
*Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
*Assistant Director*

MICHAEL A. CELONE
*Senior Litigation Counsel*

DAVID J. BYERLEY
*Trial Attorney*
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-532-4523 | david.byerley@usdoj.gov

STEPHEN DeGENARO
*Assistant United States Attorney*

## Certificate as to Parties, Rulings, and Related Cases

Pursuant to D.C. Cir. Rule 28, Appellees hereby certify as follows:

**A. Parties and Amici.**

Appellees certify that the before the district court, the following parties appeared:

- David Alan Carmichael (Plaintiff)

- Lawrence Donald Lewis (Plaintiff)

- William M. Pakosz (Plaintiff) (deceased July 2021)

- Rick Dale Hollingsworth (Movant)

- Michelle Boulton (Movant)

- The U.S. Department of State (Defendant)

- The United States of America (Defendant)

- Secretary of the U.S. Department of State (Defendant), in their official capacities:

  o Mike Pompeo (July 31, 2019 – January 20, 2021)

  o Daniel B. Smith (January 20-26, 2021)

  o Antony Blinken (since January 26, 2021)

Additionally, Appellees certify that the before this Court, the following parties appeared:

- David Alan Carmichael (Appellant, dismissed August 11, 2022)

i

- Lawrence Donald Lewis (Appellant, dismissed August 11, 2022)

- Rick Dale Hollingsworth (Movant-Appellant)

- Michelle Boulton (Movant-Appellant)

- The United States of America (Defendant-Appellee)

- The U.S. Department of State (Defendant-Appellee)

- Antony Blinken, in his official capacity as Secretary for the U.S. Department of State (Defendant-Appellee)

**B. Rulings Under Review**

In this interlocutory appeal, Appellees certify that parts of the following opinion are under review: *Carmichael v. Blinken*, No. 1:19-cv-02316 (RC), 2022 U.S. Dist. LEXIS 54571, 2022 WL 888177 (D.D.C. Mar. 25, 2022) (Contreras, J.).

**C. Related Cases**

The case on review has not previously been before this court or any other court. Under the circumstances of this appeal—in which Movant-Appellant Boulton was denied leave to intervene and Movant-Appellant Hollingsworth was denied leave to substitute as a plaintiff—the ongoing district court litigation by Lewis and Carmichael might be considered "related" for the purposes of D.C. Cir. Rule 28.

Appellees' counsel is unaware of any other case fitting the criteria described by D.C. Cir. Rule 28(a)(1)(C).

**TABLE OF CONTENTS**

STATEMENT OF JURISDICTION .................................................................. 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................... 1

STATEMENT OF THE CASE ....................................................................... 2

   I.  Pakosz's Litigation & Hollingsworth's Motion to Substitue ............................ 2

   II.  Boulton's Motion to Intervene as of Right ............................. 5

   III. The District Court's May 25, 2022 Order ............................. 6

   IV. This Court's August 11, 2022 Order .................................... 9

STANDARDS OF REVIEW ........................................................................ 9

   I.  Denial of Intervention as of Right ...................................... 9

   II.  Denial of Motion to Substitute ......................................... 10

SUMMARY OF THE ARGUMENT ............................................................... 10

ARGUMENT ........................................................................................ 11

   I.  The Denial of Boulton's Motion to Intervene Should be Affirmed ................. 11

      A.  Boulton Waives Her Appeal by Failing to Brief Intervention, and What Boulton Does Brief Presents No Reviewable Issue. ..................................... 12

      B.  Denial of Intervention Was Proper as Boulton Lacked Standing. ............. 13

      C.  Boulton's Intervention Motion Failed Rule 24(a)'s Requirements. .......... 17

   II.  Pakosz's Appeal is Not Properly Before the Court. ............................... 28

   III. Hollingsworth's Appeal from the Denial of His Motion to Substitute Should be Dismissed, or Affirmed in the Alternative. ......................... 32

      A.  Hollingsworth Waives Appeal by Failing to Brief Jurisdiction or Substitution. ................................................................. 32

      B.  If Analyzed, The Court Lacks Jurisdiction to Review the Denial of Hollingsworth's Motion to Substitute .................................... 33

      C.  Even without Waiver and Even Assuming Jurisdiction, the District Court's Judgment May be Affirmed. ........................... 37

CONCLUSION ...................................................................................... 38

# TABLE OF AUTHORITIES

**Cases**

*Adv. Mgmt. Tech., Inc. v. Federal Aviation Admin.*,
  211 F.3d 633 (D.C. Cir. 2000) ........................................................... 15

*Aldossari v. Ripp*,
  49 F.4th 236 (3d Cir. 2022) ................................................................ 29

*Alt. Research & Dev. Found. v. Veneman*,
  262 F.3d 406 (D.C. Cir. 2001) ........................................................... 16

*Amador Cty. v. U.S. Dep't of Interior*,
  772 F.3d 901 (D.C. Cir. 2014) ........................................................... 20

*Ashmore v. CGI Grp., Inc.*,
  860 F.3d 80 (2d Cir. 2017) ........................................................... 34, 35

*Attias v. CareFirst, Inc.*,
  969 F.3d 412 (D.C. Cir. 2020) ........................................................... 31

*Bauer v. Commerce Union Bank*,
  859 F.2d 438 (6th Cir. 1988) ............................................................. 34

*Bd. of Regents of the Univ. of Wash. v. EPA*,
  86 F.3d 1214 (D.C. Cir. 1996) ........................................................... 32

*Billino v. Citibank, N.A.*,
  123 F.3d 723 (2d Cir. 1997) .............................................................. 34

*Bode & Grenier, LLP v. Knight*,
  808 F.3d 852 (D.C. Cir. 2015) ........................................................... 32

*Boggs v. Dravo Corp.*,
  532 F.2d 897 (3d Cir. 1976) .............................................................. 36

*Campbell v. Iowa*,
  702 F.3d 1140 (8th Cir. 2013) ........................................................... 29

*Carmichael v. Pompeo*,
  486 F. Supp. 3d 360, 377 (D.D.C. 2020)............................................3

*Carrizosa v. Chiquita Brands Int'l, Inc.*,
  47 F.4th 1278 (11th Cir. 2022) ..................................................... 34, 37

*Cobell v. Jewell*,
    802 F.3d 12 (D.C. Cir. 2015) ............................................................... 29

*Corson & Gruman Co. v. NLRB*,
    899 F.2d 47 (D.C. Cir. 1990) ............................................................... 17

*Defs. of Wildlife & Sierra Club v. Perciasepe*,
    714 F.3d 1317 (D.C. Cir. 2013) ....................................... 9, 11, 12, 13

*Deibel v. Hoeg*,
    998 F.3d 768 n.* (7th Cir. 2021) .................................................. 29-30

*Dig. Equip. Corp. v. Desktop Direct*,
    511 U.S. 863 (1994) ............................................................................. 35

*Dimond v. District of Columbia*,
    792 F.2d 179 (D.C. Cir. 1986) ............................................................. 27

*Ferguson v. Warden Schuylkill FCI*,
    647 F. App'x 70 (3d Cir. 2016) .................................................... 36, 38

*Flores v. Concepcion*,
    734 F. App'x 512 (9th Cir. 2018) ....................................................... 36

*Foster v. Gueory*,
    655 F.2d 1319 (D.C. Cir. 1981) ....................................... 19, 21, 22, 23

*Giles v. Campbell*,
    698 F.3d 153 (3d Cir. 2012) .......................................................... 9, 36

*Harrington v. Sessions*
    863 F.3d 861 (D.C. Cir. 2017) ....................................... 11, 17, 21, 23

*Hodgson v. United Mine Workers*,
    473 F.2d 118 (D.C. Cir. 1972) ..................................................... 18, 22

*In re Covington Grain Co.*,
    638 F.2d 1357 (5th Cir. 1981) ............................................................. 34

*Jones v. Prince George's Cnty., Md.*,
    348 F.3d 1014 (D.C. Cir. 2003) ......................................................... 14

*Kaplan v. Cent. Bank of the Islamic Republic of Iran*,
    896 F.3d 501 (D.C. Cir. 2018) ................................................ 31-32, 32

*Karsner v. Lothian*,
    532 F.3d 876 (D.C. Cir. 2008) ........................................................ 18

*LaShawn A. v. Barry*,
    87 F.3d 1389 (D.C. Cir. 1996) (en banc) .................................... 30, 31

*Manasota-88, Inc. v. Tidwell*,
    896 F.2d 1318 (11th Cir. 1990) ................................................... 24

*Midland Asphalt Corp. v. United States*,
    489 U.S. 794 (1989) .................................................................. 36

*Minnesota v. Pickands Mather & Co.*,
    636 F.2d 251 (8th Cir. 1980) ....................................................... 13

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009) ................................................................. 36

*Narragansett Indian Tribal Historic Pres. Office v. FERC*,
    949 F.3d 8 (D.C. Cir. 2020) ........................................................ 15

*Nat. Res. Def. Council v. Costle*,
    561 F.2d 904 (D.C. Cir. 1977) ..................................................... 23

*Newsome v. McCabe*,
    319 F.3d 301 (7th Cir. 2003) ....................................................... 25

*Nuesse v. Camp*,
    385 F.2d 694 (D.C. Cir. 1967) ................................................. 21, 24

*Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*,
    566 F.2d 8 (7th Cir. 1977) .......................................................... 36

*Petties v. District of Columbia*,
    227 F.3d 469 (D.C. Cir. 2000) ..................................................... 31

*Prop-Jets, Inc. v. Chandler*,
    575 F.2d 1322 (10th Cir. 1978) ................................................... 34

*Raley v. Hyundai Motor Co.*,
    642 F.3d 1271 (10th Cir. 2011) ................................................ 36-37

*Roane v. Leonhart*,
    741 F.3d 147 (D.C. Cir. 2014) ................................................. 18, 19

*Scenic Am., Inc. v. U.S. Dep't of Transp.*,
   836 F.3d 42 (D.C. Cir. 2016) ............................................................ 33

*Schneider v. Dumbarton Developers, Inc.*,
   767 F.2d 1007 (D.C. Cir. 1985) ...................................................... 25

*Terry v. Reno*,
   101 F.3d 1412 (D.C. Cir. 1996) ...................................................... 32

*Texas v. United States*,
   805 F.3d 653 (5th Cir. 2015) .......................................................... 21

*Trbovich v. UMW*,
   404 U.S. 528 (1972) ................................................................. 27, 28

*U.S. ex rel. Ramseyer v. Century Healthcare Corp.*,
   90 F.3d 1514 (10th Cir. 1996) ........................................................ 33

*United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*,
   45 F.4th 426 (D.C. Cir. 2022) ........................................................ 27

*United States v. Allegan Metal Finishing Co.*,
   867 F.2d 611 (6th Cir. 1989) .......................................................... 13

*United States v. Am. Tel. & Tel. Co.*,
   642 F.2d 1285 (D.C. Cir. 1980) ...................................................... 18

*United States v. British Am. Tobacco Austl. Servs., Ltd.*,
   437 F.3d 1235 (D.C. Cir. 2006) ...................................................... 12

*United States v. Jackson*,
   519 F.2d 1147 (5th Cir. 1975) ........................................................ 20

*Ute Distr. Corp. v. Norton*,
   43 F. App'x 272 (10th Cir. 2002) .................................................... 24

*Uzuegbunam v. Preczewski*,
   141 S. Ct. 792 (2021) .................................................................... 13

*World Wide Minerals, Ltd. v. Republic of Kaz.*,
   296 F.3d 1154 (D.C. Cir. 2002) ...................................................... 12

*Worlds v. Dep't of Health & Rehab. Servs.*,
   929 F.2d 591 (11th Cir. 1991) ........................................................ 24

*Younts v. Fremont Cty.*,
  370 F.3d 748 (8th Cir. 2004) ............................................................... 29

**Statutes**

22 U.S.C. § 2721 .................................................................................... 5

28 U.S.C. § 1291 ................................................... 1, 2, 3, 4, 8, 9, 10, 13, 31, 34, 35

28 U.S.C. § 1292 .................................................................................... 13

42 U.S.C. § 2000bb ............................................................................... 5

**Other**

Fed. R. App. P. 43 .......................................................... 10, 28, 29, 30, 38

Fed. R. Civ. P. 11 ...................................................................... 12, 13, 17

Fed. R. Civ. P. 15 ................................................................................ 26

Fed. R. Civ. P. 24 ........................................... 1, 5, 10, 11, 12, 14, 16, 17, 20

Fed. R. Civ. P. 25 .......................................................... 4, 10, 33, 35, 38

Fed. R. Civ. P. 54 .......................................................................... 31, 35

## STATEMENT REGARDING ORAL ARGUMENT

Defendants-Appellees respectfully submit that this appeal can and should be decided without oral argument, especially as Movant-Appellants have not briefed the relevant issues.

/s/ David J. Byerley
DAVID J. BYERLEY
*Trial Attorney* (DC Bar # 1618599)
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-532-4523 | david.byerley@usdoj.gov

*Counsel for Defendants-Appellees*

## STATEMENT OF JURISDICTION

Under 28 U.S.C. § 1291, this Court has jurisdiction to review the district court's denial of Movant-Appellant Michelle Boulton's motion to intervene as a matter of right under Fed. R. Civ. P. 24(a).

However, this Court lacks jurisdiction to review the district court's denial of Movant-Appellant Rick Dale Hollingsworth's motion to substitute himself as a plaintiff for the deceased William Pakosz ("Pakosz"). It is neither a final order under § 1291, nor is it appealable under the collateral order doctrine.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I.   Whether Boulton has waived her appeal of the denial of intervention and whether Hollingsworth has waived his appeal of the denial of substitution by utterly failing to brief the issues?

II.  Whether the district court's denial of Boulton's motion to intervene as of right may be affirmed?

III. Whether Pakosz's interlocutory appeal, briefed by Hollingsworth, is both properly before the Court and within the Court's jurisdiction?

IV.  Whether this Court has jurisdiction to review the district court's denial of Hollingsworth's motion to substitute in a non-final order? And if so, whether the district court abused its discretion in denying Hollingsworth's motion?

1

## STATEMENT OF THE CASE[1]

### I. Pakosz's Litigation & Hollingsworth's Motion to Substitue

Pakosz's litigation arose out of his 2017 attempt to renew his passport, a process which he alleged required him to violate his religious beliefs – that is, to provide the Government with his social security number ("SSN"). Opinion (March 25, 2022) (ECF #125) at 3 ("Op.") [Appendix ("App'x") at 25]. When Pakosz originally applied for a passport in 2007, he requested a religious accommodation exempting him from providing his SSN on his passport application. Op. at 2 [App'x at 24]. In December 2007, Pakosz was issued a passport, notwithstanding his omission of an SSN from his application. *Id.*

Ten years later, Pakosz submitted his passport renewal application in 2017, and included a letter explaining why identifying with an SSN violated his religious beliefs. Op. at 3 [App'x at 25]. He also included a "Privacy Act Statement" from the Government that outlined the Government's authority for requesting SSNs, the purpose of the requests, and a list of routine uses for information collected from passport renewal applications. *Id.* The "Privacy Act Statement" also explained that while providing the requested information was voluntary, failing to provide that information could result in a processing delay or application denial. *Id.*

---

[1]     Appellees refer the Court to the district court's March 25, 2022 recitation of the history of the proceedings for greater detail. [App'x at 23-29]. Because Carmichael and Lewis have been dismissed from this appeal, Appellees' exposition focuses only on Pakosz, Hollingsworth, and Boulton.

Thereafter, the Government contacted Pakosz in relation to his passport renewal application. *Id.* Pakosz was asked for his SSN, or alternatively, that he sign a statement that he had never been issued one. *Id.* Pakosz responded that he could not sign this statement and reiterated his religious accommodation request. *Id.* at 3-4 [App'x at 25-26]. His passport renewal application was subsequently denied. *Id.* at 4 [App'x at 26].

On December 13, 2019, Pakosz (with David Alan Carmichael ("Carmichael") and Lawrence D. Lewis ("Lewis")) filed an Amended Complaint raising nine causes of action under the Constitution and various federal laws against the U.S. Secretary of State, in their official capacity, and the United States.[2] Op. at 5 [App'x at 27]. Pakosz requested monetary damages on each of the nine claims, as well as equitable relief as to his individual passport renewal. *See* Am. Compl. (ECF #15); 2nd Am. Compl (ECF #46-2) [App'x at 56-117]. On August 28, 2020, the district court dismissed all but Pakosz's second, fourth, and seventh causes of action, which concerned the Religious Freedom Restoration Act ("RFRA"), the Fifth Amendment Due Process Clause, and the Privacy Act, respectively. *See Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 377 (D.D.C. 2020) [App'x at 235-58].

Following a short remand to the U.S. Department of State, Pakosz (and Lewis)

---

[2]     Carmichael initiated this case in July 2019. Lewis and Pakosz were added in December 2019.

filed a "Motion To Compel Defendants To Issue Passport Renewals" on April 23, 2021 (ECF #84 [*see* App'x at 29-30]), seeking an order compelling the issuance of a renewed passport to Pakosz. Shortly thereafter, on May 7, the district court set a briefing schedule for the Government to file a dispositive motion. Document #1948006 at 12 (Minute Order (May 7, 2021)) [App'x at 11]. In accordance with that schedule, on July 2, 2021, the Government filed an opposition in combination with a motion to dismiss, or for summary judgment in the alternative. Mot. to Dismiss, ECF #99 [*see* App'x at 12]. The Government argued, *inter alia*, that Carmichael, Lewis, and Pakosz's damages claims fail because no damages were available under RFRA or the Fifth Amendment for official-capacity claims or the Privacy Act given the facts alleged. Op. at 7 [App'x at 28-29]. Three days later, on July 5, 2021, Pakosz died of natural causes. Mot. Substitute Pl. Pakosz, ECF #113.

After Pakosz's death, his son-in-law, Movant-Appellant Rick Dale Hollingsworth ("Hollingsworth") moved to substitute himself for Pakosz on September 10, 2021. *Id.* Hollingsworth argued substitution should be granted because it was Pakosz's wish "to vindicate his own claims and rights for damages, and other relief, as well as to protect others that have his religious convictions" and also because Hollingsworth had "[an] interest in ensuring that any damages are paid to [Pakosz's] estate." *Id.*

The Government opposed the substitution, arguing first that Hollingsworth

4

had not established that he was a proper party, *i.e.*, a "successor or representative," for substitution under Rule 25(a). Second, that substitution served no purpose because Pakosz's claims had been extinguished through mootness or his death, and the only (at the time) unextinguished claim with respect to Pakosz was his claim for damages under the Privacy Act, which the Government had also moved to dismiss prior to Pakosz's passing. Gov't's Opp. to Mot. Substitute Pl. Pakosz, ECF #114.

## II.   Boulton's Motion to Intervene as of Right

On May 21, 2021, Movant-Appellant Michelle Boulton ("Boulton") moved to intervene as of right under Fed. R. Civ. P. 24, claiming that her claims "relat[e] to the transactions that are the subject of the action." Specifically, Boulton alleged that in July 2020, she applied to renew her passport while in Costa Rica, and that she requested a religious waiver from providing an SSN. Boulton's Mot. to Intervene (ECF #94, 94-1 at 3). Subsequently, on March 12, 2021, she claimed the Government refused to issue a passport to Boulton on the grounds she has refused to provide an SSN. *Id.* She moved to intervene in the litigation to assert her own claims under 22 U.S.C. § 2721; RFRA (42 U.S.C. § 2000bb, *et seq*.); Executive Order 13798, and the First Amendment to the U.S. Constitution. *Id.* at 3-5. If permitted to intervene, she sought: "[a]n order in mandamus directing Defendants to issue a passport to Boulton"; a "declaration that Defendants are in violation of law in refusing to issue a passport to a person who refuses to provide a[n SSN] on a

religious objection"; a "permanent injunction prohibiting… refus[als] to issue a passport to any person who refuses to provide a[n] [SSN] on a religious objection"; "Boulton's attorney's fees and costs of suit", and "other and further relief as the Court deems proper." *Id.* at 5.

The Government opposed intervention on several grounds, including that: she did not comply with the local rules before moving; it was untimely; she failed to show any legally-protected interest in the action, how this action threatens that interest, or why Carmichael and Lewis were inadequate representatives of her interests. Gov't's Opp. to Boulton's Mot. to Intervene (ECF #95). Notwithstanding, at the district court's request, the Government filed a status report relaying that the processing of Boulton's passport renewal application was complete and her passport had been issued. Minute Order (Aug. 8, 2021), Document #1948006 at 15 [App'x at 13]. Boulton confirmed receipt of her passport on August 20, 2021, without ever submitting an SSN. Op. at 15 [App'x at 37] (citing Boulton's Resp. Gov't's Status Report ¶ 24 (ECF #109) [App'x at 387]).

## III.    The District Court's May 25, 2022 Order

On May 25, 2022, the district court granted in part and denied in part the Government's motion to dismiss or for summary judgment in the alternative. In pertinent part, the district court determined: (1) that the RFRA did not waive sovereign immunity for damages; (2) that sovereign immunity barred official-

capacity claims for damages under the Fifth Amendment; and (3) Lewis, Carmichael, and Pakosz failed to plead any connection between the alleged Privacy Act violations and any adverse effects or damages. Op. at 29-32 [App'x at 51-54]. The district court further construed Lewis and Pakosz's "Motion To Compel Defendants To Issue Passport Renewals" as a motion for summary judgment on Lewis and Pakosz's claims for equitable relief because the motion requested an order to "compel" the equitable relief demanded in the Complaint. Op. at 8 [App'x at 30]. Analyzing the motion under that framework, the district court denied the motion for failure to "demonstrate entitlement to judgment in Plaintiffs' favor beyond any genuine dispute of material fact." *Id*. The remaining claims, the district court concluded, concerned equitable relief as to Carmichael and Lewis's individual passports. *Id.* at 25-28 [App'x at 47-50].

As to Hollingsworth's motion to substitute, the district court noted that it was dismissing all claims for damages and "with the equitable claim for Pakosz's passport no longer available due to his death, there appears to be no remaining claim." *Id.* at 9 [App'x at 31]. Therefore, Hollingsworth's motion for substitution was denied. *Id.*

As to Boulton's motion to intervene, the court found that Boulton lacked standing for equitable relief because she already had her passport, and there were no live claims for monetary damages. *Id.* at 14-15 [App'x at 36-37]. Therefore, the

7

district court ruled, "even if Boulton were joined as a plaintiff in this case, she would not have standing for any relief." *Id.* As such, Boulton's motion to intervene was denied. *Id.*

At the close of the district court's March 25, 2022 discussion of Carmichael and Lewis's undismissed equitable claims, it noted that "based on [the Governments'] representations and actions in this litigation, including them granting [Pakosz, Carmichael and Lewis] religious accommodation requests, it appears that [the Government] ha[s] all intentions of providing [Carmichael and Lewis] passports without [the two] providing [SSNs] and there may be an opportunity to resolve this issue without further litigation." Op. at 28 [App'x at 50]. It then ordered the parties to provide a report on the resolution of Lewis and Carmichael's equitable relief claims, or a briefing schedule to resolve those claims, within sixty days. *Id.*

On May 18, 2022, Carmichael, Lewis, Boulton, and Hollingsworth noticed their appeals. Six days later, on May 25, 2022, the District Court issued a Minute Order "that the government file any dispositive motion, on mootness or other grounds, by June 24, 2022." May 25, 2022, Minute Order [App'x at 17]. The Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction was filed on June 24, 2022, making the motion ripe for the district court's resolution. *See* Gov't's Mot. to Dismiss (ECF #140) [*see* App'x at 18].

## IV.    This Court's August 11, 2022 Order

On August 11, 2022, this Court granted, in part, the Government's motion to

dismiss the appeal for lack of jurisdiction. The Court ruled,

> … the order on review thus did not resolve all of the claims of all of the parties, it is not an appealable final order, except with respect to the immediately-appealable denial of appellant Boulton's motion for intervention as of right, ..., and possibly with respect to the denial of appellant Hollingsworth's motion to substitute himself for a deceased plaintiff. None of the exceptions to the finality requirement of 28 U.S.C. § 1291 invoked by appellants applies in the present case….

Order (Aug. 11, 2022), Document #1958987. The two issues on appeal are the denial

of Movant-Appellant Boulton's motion to intervene and the denial of Movant-

Appellant Hollingsworth's motion to substitute.[3] *Id.*

## STANDARDS OF REVIEW

### I.    Denial of Intervention as of Right

This Court "review[s] the denial of a motion to intervene *de novo* for issues

of law, for clear error as to findings of fact, and for abuse of discretion on issues that

'involve a measure of judicial discretion.'" *Defs. of Wildlife & Sierra Club v.

Perciasepe*, 714 F.3d 1317, 1322 (D.C. Cir. 2013) (quoting *Fund for Animals, Inc.

v. Norton*, 322 F.3d 728, 732 (D.C. Cir. 2003)).

---

[3]     The Court also ordered that Appellees' "motion to dismiss be referred in part to the panel to which this case is assigned, with respect to appellant Hollingsworth's appeal of the district court's denial of his motion to substitute parties." Appellees brief this issue in full in light of the subsequent briefing schedule.

## II.    Denial of Motion to Substitute

To the extent that the Court finds jurisdiction, the Court should review the district court's denial of a motion to substitute for abuse of discretion. *Giles v. Campbell*, 698 F.3d 153, 155 (3d Cir. 2012). However, this Court exercises *de novo* review of the district court's interpretations of the Federal Rules of Civil Procedure and legal conclusions. *Id.*; *see Defs. of Wildlife & Sierra Club,* 714 F.3d at 1322.

## SUMMARY OF THE ARGUMENT

As to Boulton's appeal, the district court's judgment denying her intervention should be affirmed because Boulton has waived her challenge by utterly failing to brief the issue. Alternatively, the district court's order finding that Boulton lacked standing to intervene should be affirmed, or its judgment affirmed on the alternate ground that her motion failed to meet Fed. R. Civ. P. 24(a)'s requirements.

Pakosz's appeal, briefed by Hollingsworth, is not properly before the Court because no Fed. R. App. P. 43(a) substitution for Pakosz has been granted by this Court. Even if the Court ignores Rule 43(a) and entertains Pakosz's appeal as if he were alive, it must be dismissed for lack of appellate jurisdiction, either because: (a) it is bound by law-of-the-case doctrine to do so; or (b) there is no final order under 28 U.S.C. § 1291 and no exception applies.

As to Hollingsworth's appeal, it should be dismissed because the Court is uncertain of its jurisdiction and Hollingsworth has waived jurisdictional arguments by failing to brief them. If analyzed, the Court lacks appellate jurisdiction over the

district court's denial of Hollingsworth's Fed. R. Civ. P. 25(a) motion because it is neither a final order nor independently appealable. But even if appellate jurisdiction exists, Hollingsworth (like Boulton) has completely failed to brief his challenge to the district court's denial of his Rule 25(a) motion and has thus waived appeal of this issue. In the third alternative, the Court should affirm the substitution denial because it was not an abuse of discretion to Hollingsworth's motion for substitution.

## ARGUMENT
### I.    The Denial of Boulton's Motion to Intervene Should be Affirmed

It is well-established that "prospective intervenors must satisfy the four requirements" of Fed. R. Civ. P. 24(a)(2): "(1) the motion for intervention must be timely; (2) intervenors must have an interest in the subject of the action; (3) their interest must be impaired or impeded as a practical matter absent intervention; and (4) the would-be intervenor's interest must not be adequately represented by any other party." *Harrington v. Sessions (In re Brewer)*, 863 F.3d 861, 872 (D.C. Cir. 2017). This Court also requires that "a party seeking to intervene as of right to demonstrate Article III standing." *Defs. of Wildlife & Sierra Club*, 714 F.3d at 1323. Although all four Rule 24(a)(2) elements were contested, the district court ruled only that Boulton lacked standing for equitable relief, given that she already had a passport, and that there were no longer live claims for damages. Therefore, the district court concluded that "even if Boulton were joined as a plaintiff in this case, she would not have standing for any relief." This ruling may be affirmed on the basis

11

offered, or its judgment affirmed on any ground raised. *EEOC v. Aramark Corp.*, 208 F.3d 266, 268 (D.C. Cir. 2000) ("… because we review the district court's judgment, not its reasoning, we may affirm on any ground properly raised.").

### A. Boulton Waives Her Appeal by Failing to Brief Intervention, and What Boulton Does Brief Presents No Reviewable Issue.

As a threshold matter, the entirety of Boulton's brief argues the merits of her unfiled claims and disputes the district court's ruling on her Rule 11 motion. Intervention is Boulton's only appealable issue, and she has completely failed to brief it. "[A] party waives its right to challenge a ruling of the district court if it fails to make that challenge in its opening brief." *World Wide Minerals, Ltd. v. Republic of Kaz.*, 296 F.3d 1154, 1160 (D.C. Cir. 2002). Boulton has not briefed intervention under Fed. R. Civ. P. 24 at all, and her opening brief contains not one citation to the rule or to any authority discussing mandatory intervention. By failing to address the only appealable issue, Boulton has waived her appeal. While a facially harsh result, it is fair because: (1) this Court, in its August 11, 2022 Order, identified the sole appealable issue for her (Document #1958987 at 2); and (2) Boulton is free to pursue her own case at will. Thus, the denial of intervention should be affirmed by default.

To the extent Boulton's appeal is not waived, as a prospective intervenor, Boulton is entitled to an appeal from the denial of her intervention and nothing else. It is well-established in this Circuit that "[b]ecause a party *unsuccessfully* appealing a denial of intervention is not a 'party,' it may not obtain review of any district court

12

holding other than the denial of intervention." *Defs. of Wildlife & Sierra Club*, 714 F.3d at 1328. This Court has "stated many times that failed intervenors may not appeal District Court actions to which they are not a party." *United States v. British Am. Tobacco Austl. Servs., Ltd.*, 437 F.3d 1235, 1240 (D.C. Cir. 2006). The same can be said here.

As such, even if this Court finds Boulton has not waived the intervention issue and goes further to reverse the denial of intervention, the ruling on Boulton's Rule 11 motion is not an appealable order over which this Court has jurisdiction. *See* 28 U.S.C. §§ 1291, 1292. And to the extent claimed, neither is the denial of the motion for joinder. *United States v. Allegan Metal Finishing Co.*, 867 F.2d 611 (6th Cir. 1989); *Minnesota v. Pickands Mather & Co.*, 636 F.2d 251, 254 (8th Cir. 1980) (collecting cases).

## B. Denial of Intervention Was Proper as Boulton Lacked Standing.

The requirements of Article III standing are "(1) an injury in fact (2) that is fairly traceable to the challenged conduct, but he must also seek (3) a remedy that is likely to redress that injury." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (2021). The burden of establishing standing rests with the prospective intervenor. *Defs. of Wildlife & Sierra Club*, 714 F.3d at 1323. The district court correctly determined Boulton would have lacked standing to intervene to pursue her own equitable claims, and the lack of any live claims for damages as to the existing plaintiffs left her

13

without standing to intervene.

### 1. Equitable Relief

In her brief, Boulton does not contest the district court's ruling that she lacked standing to pursue equitable relief relating to her passport, which she confirmed was issued to her on August 10, 2021. Op. 15 [App'x at 37] (citing Boulton's Resp. Defs.' Status Report ¶ 24, ECF #109 [App'x at 387] ("On August 20, 2021,… I received my US Passport, valid for 10 years without submitting a social security number, and without giving further information.")). Even if Boulton did not waive this issue on appeal, the district court should be affirmed.

As a threshold matter, the district court assumed that an intervenor (Boulton) could properly assert her own claims in a Rule 24 motion entirely independent of those claims brought by the existing plaintiffs (Lewis and Carmichael).[4] While the Government does not share the assumption that Boulton could intervene on the basis of her own independent claims (which were at most analogous to Carmichael's and Lewis's claims) as opposed to intervening in Carmichael and Lewis's already-

---

[4]     In evaluating motions under Rule 24(a), "the question is not whether the applicable law assigns the prospective intervenor a cause of action. Rather, the question is whether the individual may intervene in an *already pending cause of action*." *Jones v. Prince George's Cnty., Md.*, 348 F.3d 1014, 1017-18 (D.C. Cir. 2003) (emphasis added). The relevant question likely should have been whether Boulton had an interest in *Lewis and Carmichael's* claims related to their passports (or damages payable to Lewis and Carmichael), not whether she had standing to pursue equitable relief related to her own passport. Any error would be harmless because the answer would still be in the negative.

pending claims, the district court was nonetheless correct that Boulton would have lacked standing if she were granted "plaintiff" status in the litigation below.

Specifically, because Boulton's passport was issued before she was considered for "plaintiff" status, there would have been no case-or-controversy at the time her claims would have "commenced" in the existing litigation. Although her passport was issued after her motion to intervene was filed (but before intervention was denied), her claims were never "commenced" within the existing litigation. While the question "may sound like one of mootness—a justiciable controversy existed but no longer remains—but the timing makes [it] one of standing." *Adv. Mgmt. Tech., Inc. v. Federal Aviation Admin.*, 211 F.3d 633, 636 (D.C. Cir. 2000). Boulton's own equitable claims became moot while her motion to intervene was pending, and she lost standing to pursue her own claims for equitable relief post-intervention. *Narragansett Indian Tribal Historic Pres. Office v. FERC*, 949 F.3d 8, 12 (D.C. Cir. 2020). Boulton does not present any contrary argument.

### 2. *Damages*

As Boulton admits, her motion to intervene to pursue her own claims included no claims for damages. Boulton's Brief (Document #1973237) ("Boulton Br.") at 44 (requesting "that the Court rule in favor of my request to amend my complaint to include a claim for Damages."). Still, the district court found that Boulton lacked standing to intervene in the case post-dismissal of Carmichael, Pakosz, and Lewis's

15

claims for money damages, and the remaining claims related to Carmichael and Lewis's requests for equitable relief as to their individual passports. Boulton did not allege any interest in Carmichael or Lewis's passports, but nonetheless, she vaguely argues the district court erred. She claims, *inter alia*, the district court too narrowly construed Carmichael and Lewis's complaint, and that she would have had separate claims for money damages had she been granted leave to intervene and had she been allowed to amend Carmichael and Lewis's complaint. *See generally*, Boulton Br.

While Boulton dedicates much of her brief arguing that she could show that that she would be entitled to money damages based on her own claims, Boulton forgets that she was not a plaintiff, and her claims were not added to the case. The district court ruled that Boulton lacked standing to intervene in the litigation as it stood following the Court's simultaneous ruling that money damages were unavailable to Carmichael and Lewis. Op. at 14-15 [App'x at 36-37]. Boulton offers no explanation as to why she has an interest in intervening into Carmichael and Lewis's case, which now only concerns equitable relief pertinent to Carmichael and Lewis's passports. "An applicant seeking to intervene as of right must show, among other things, that it is 'so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect [its] interest.'" *Alt. Research & Dev. Found. v. Veneman*, 262 F.3d 406, 411 (D.C. Cir. 2001) (quoting *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998)). Boulton

argues at length the claims she *would* bring and the damages she thinks she *could* show entitlement to, but she offers no explanation how her claims are tied to the disposition of Carmichael and Lewis's case, or how her own interests are presently at issue in this case.

### C. Boulton's Intervention Motion Failed Rule 24(a)'s Requirements.

Here, the district court's judgment may be affirmed on alternate grounds, that Boulton's motion to intervene did not satisfy Rule 24(a)'s requirements. As noted above, these are: (1) timeliness; (2) an interest in the subject of the action; (3) that this interest must be impaired or impeded as a practical matter absent intervention; and (4) the intervenor's interest must not be adequately represented by any other party. *Harrington v. Sessions (In re Brewer)*, 863 F.3d 861, 872 (D.C. Cir. 2017). These factors overlap, and whether intervention is warranted will depend on case-specific timing, scope, and the stated purpose of intervention.

In the district court, Boulton's motion to intervene was two pages, and her argument in support only one paragraph.[5] For her part, Boulton admits that her "initial motion to intervene lacked a specific pleading" but cites "good cause or excusable neglect." Boulton Br. at A-3. However, as explained, Boulton's appellate

---

[5]    Boulton argued in support of her motion for the first time in her reply. *See Corson & Gruman Co. v. NLRB*, 899 F.2d 47, 50 n. 4 (D.C. Cir. 1990) ("We require petitioners and appellants to raise all of their arguments in the opening brief to prevent 'sandbagging' of appellees and respondents and to provide opposing counsel the chance to respond.").

brief does not address Rule 24(a) either. Instead, it is devoted to rearguing an interlocutory order on her Rule 11 motion and the merits of her unfiled legal claims.

### 1. *Timeliness*

"A nonparty must timely move for intervention once it becomes clear that failure to intervene would jeopardize her interest in the action." *Harrington*, 863 F.3d at 872. "[T]imeliness is a prerequisite to any claim for intervention under Rule 24[.]" *Hodgson v. United Mine Workers*, 473 F.2d 118, 129 (D.C. Cir. 1972). Because the district court made no findings on timeliness, this Court reviews timeliness *de novo*. *Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008). As to timeliness, this Court has observed,

> [T]imeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.

*United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980). "[T]he requirement of timeliness is aimed primarily at preventing potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties." *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014). Here, Boulton's motion was not timely in consideration of all the circumstances.

At the time Boulton moved to intervene, the case had been pending for nearly two years since Carmichael filed his initial Complaint in July 2019. Although the

amount of time elapsed alone is not determinative, it is still relevant in determining prejudice to the existing parties. *Id.* The procedural context of the case is also considered. *See id.* Here, Boulton's May 21, 2021, motion to intervene followed Pakosz's and Lewis's motion to compel—construed as a partial motion for summary judgment—and the district court's entry of a briefing schedule for the Government's dispositive motion. Boulton does not dispute the lateness of the hour in her brief.

To the contrary, Boulton argues that granting her intervention would have required additional factual development and separate discovery at this late stage. Boulton Br. 18 ("Beginning November 11, 2019, motions were being made scheduling conference and discovery prior to Boulton being moved to join…. Discovery will expose the [alleged] unconstitutionality of certain people's actions and of those processes, policies, and procedures"). Intervening to pursue new standalone claims, relitigate decided issues, or to conduct new discovery is considered prejudicial. *Cf. Roane*, 741 F.3d at 152 (finding "intervention was highly unlikely to disadvantage the existing parties" where the intervenor "both foreswore reopening discovery and stipulated that he would not seek to revisit issues that had already been decided."); *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981) ("…it is improbable that the defendants would be prejudiced by intervention at that time since the purpose of intervention was to permit appellants to join in the complaint rather than to assert different causes of action."). Indeed, Boulton

unambiguously states that she attempted intervention to conduct entirely separate discovery, motions practice, and trial on her own freestanding claims. Boulton Br. at 17 ("There is a controversy in Boulton's case that…warrants amendment of her complaint, discovery, a subsequent amendment, and trial to judgment."). But as noted by the district court, there are few remaining issues between the existing parties—the Government, Carmichael, and Lewis—and a decision on the merits of their claims was (at least partially) pending at the time intervention was sought and is pending now. *Amador Cty. v. U.S. Dep't of Interior*, 772 F.3d 901, 905 (D.C. Cir. 2014) ("We have previously concluded that the delay caused by a potential intervenor was sufficient to constitute prejudice where a decision on the merits was pending."). At the least,[6] the Government has an interest in an efficient resolution to the case, and so does the public. *United States v. Jackson*, 519 F.2d 1147, 1150-51 (5th Cir. 1975) ("[Rule 24] requires… consideration of the competing interests of the plaintiff and defendant in conducting and concluding their lawsuit without undue complication and of the public in the speedy and economical resolution of legal controversies."). Boulton does not address any of these interests.

Here, Boulton's late-stage intervention would not speed the resolution of the

---

[6]    Boulton's late intervention with her own separate claims likely would have delayed a ruling as to Pakosz's existing claims, and Pakosz did not have the luxury of time. However, since Pakosz also moved to join Boulton, it is not clear whether prejudice to the deceased Pakosz is properly considered.

existing case between the Government, Carmichael, and Lewis. Not only does Boulton fail to argue otherwise, she rejects the premise that judicial economy is a worthwhile consideration. Boulton Br. 20 ("The purpose of the district court is to bring justice to the injured Boulton. It's [sic] purpose is not to efficiently clean its docket."). Under the circumstances, Boulton's motion to intervene was untimely.

### 2. Interests

"In order to intervene as a matter of right, a nonparty must claim an interest in the property or transaction that is the subject of the action." *Harrington*, 863 F.3d at 872. "[T]he inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way. So, an intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the other." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). This Court has recognized an interest "among 'persons who allege that they have suffered injury from the same or very similar wrongful acts as those complained of by the original plaintiffs.'" *Id.* (quoting *Foster*, 655 F.2d at 1325). "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967).

Assuming Boulton's freestanding claims share similarities with Carmichael,

Pakosz, and Lewis's amended complaint—in that they share(d) an interest in refusing to disclose SSNs on religious grounds—Boulton's intervention in this case is not "compatible with efficiency and due process." *Foster*, 655 F.2d at 1324. Boulton seeks to assert her own claims for damages from, *inter alia*, "torture[] that she suffered during her attempt to renew her passport" for refusing to provide her SSN (Boulton Br. 8, 17); to conduct "discovery of [her] passport record and deposing of passport officers that would prove her allegation[s] and the fraudulent acts of [U.S. Department of State declarant Kristia] Watkins and [former Assistant U.S. Attorney Christopher] Hair" (*id.* at 30); and ultimately, she seeks to go to trial. *Id.* at 27. However, at the time her intervention was denied, Carmichael, Lewis, and Pakosz had been granted religious exemptions. Op. at 28 [App'x at 50]. Currently, the district court is considering whether Carmichael and Lewis's claims are moot after the issuance of their passports (Minute Order, May 25, 2022 [App'x at 17]), and discovery and trial on the RFRA issues that Boulton apparently wishes to litigate is exceedingly unlikely.

As noted above, beside a few similar allegations, Boulton has no interest in the decision on Carmichael and Lewis's equitable claims related to their passports, which is all that the district court has left. Even assuming Boulton had an interest and standing, it would be inefficient to snatch a case from the jaws of resolution, re-litigate decided issues, and indulge late discovery on issues specific to the

prospective intervenor. *E.g.*, *Hodgson*, 473 F.2d at 129 (finding no "untoward burden" on the court where "the proposed intervenors expressly disavowed any desire to reopen any previously-litigated question, and sought only to participate in the remedial, and if necessary, the appellate, phases of the case."). Finally, Boulton's emphasis on intervention for the purposes of amending the complaint to address her interests underscores that her current interest in the case, as it stands now, is contingent on amendment – it is not present and actual.

### 3. *Impairment*

The lack of an impairment presents another straightforward ground to affirm the district court's judgment. "In order to intervene of right, a nonparty's interest in the transaction must be one that would be impaired absent intervention." *Harrington*, 863 F.3d at 873. Prospective intervenors must "sustain [] their burden of showing that their interests may be practically impaired or impeded by the disposition of the plaintiffs' suit" for intervention as of right. *Foster*, 655 F.2d at 1325.

In her brief, Boulton argues that she possesses viable standalone claims, but does not explain how or why her ability to litigate those claims separately is impaired by the denial of intervention. It is true that while "it is not enough to deny intervention under 24(a)(2) because applicants may vindicate their interests in some later… litigation[,]" the relative convenience of doing so weighs into the calculus. *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 910 (D.C. Cir. 1977). In her brief,

Boulton is emphatic that "[her] case [] is ripe for adjudication and warrants amendment of her complaint, discovery, a subsequent amendment, and trial to judgment." Boulton Br. 17. In essence, Boulton asks for an opportunity to bring her own case from the ground-up. *Id.* at 17.

Critically though, Boulton fails to explain why she must litigate her own case *within* Carmichael and Lewis's case. In fact, Boulton's brief contains no suggestion that her claims or interests would be impaired in a separate case of her own. Had Boulton advanced any arguments on this, her strongest argument would have cited the risk of adverse precedent from Carmichael and Lewis's case. But while *stare decisis* effect "*may*" "*in some cases* supply the practical disadvantage that warrants intervention as of right[,]" *Nuesse*, 385 F.2d at 702 (emphasis added), "a potential *stare decisis* effect does not automatically supply the practical disadvantage warranting intervention." *Manasota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1323 (11th Cir. 1990). Courts first look to the likelihood of any *stare decisis* effect (*e.g.*, *Ute Distr. Corp. v. Norton*, 43 F. App'x 272, 279 (10th Cir. 2002)); and if likely, then courts second analyze the "likelihood that *stare decisis* would leave appellant in a worse position if [s]he is not allowed to intervene." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 594 (11th Cir. 1991).

While Boulton does not address any of this, the likelihood of *stare decisis* effect on her independent claims from the resolution of Carmichael's and Lewis's

remaining claims lies between minimal and none. Although not a model of clarity, Boulton's brief seems to suggest that her yet-unfiled claims for damages would be brought against U.S. Department of State official Kristia Watkins as well as former Assistant U.S. Attorney Christopher Hair, among others, in their personal capacities for alleged harms specific to Boulton. *See* Boulton Br. 6-7, 30. As Boulton acknowledges (*id.*), neither Hair nor Watkins are defendants to the suit, and Carmichael (*et al.*) brought no personal capacity claims. The potential for *stare decisis* effect on Boulton's unfiled personal-capacity claims is not apparent.

To the extent Boulton would seek to litigate Carmichael, *et al.*'s dismissed official-capacity damages claim in another case in the same district,[7] any impediment caused by new *stare decisis* effect arising from Carmichael, *et al.*'s case would pale in comparison to the impediment that law-of-the-case doctrine would pose to her claims if she were to intervene now. As an intervenor, she would also be bound (in the district court) by the district court's dismissal of Carmichael, *et al.*'s official-capacity claims for damages, as well as the district court's August 2020 dismissal of several of Carmichael, *et al.*'s other claims. *Newsome v. McCabe*, 319 F.3d 301, 303 (7th Cir. 2003) ("[The intervenor] Chicago's contentions are variations (or recapitulations) of arguments that we found unconvincing the last time

---

[7]     Boulton resides in the U.S. District Court for the Northern District of Georgia (Boulton Br. at A-1), she could seek to avoid much of any persuasive impact by filing a new case out-of-circuit.

around [on appeal by existing defendant police officers]. Chicago thus has preserved them for presentation to a higher court, but in this tribunal they are barred by the law of the case."); *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985) ("When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party."). And even just procedurally, initiating her own case inside this one would prove *more* difficult and burdensome—given the late-stage posture—than filing her own complaint. For example, Boulton clearly states she wishes to amend her complaint multiple times and take discovery and depositions. Boulton Br. 30 ("Order the district court to allow Boulton to amend her complaint, before and after discovery, and to adjudicate the case…."). However, the procedural posture of the case below no longer permits amendment as of right, *See* Fed. R. Civ. P. 15, and discovery is unlikely in its current state. Allowing intervention at this stage poses a *greater* impediment to Boulton's full pursuit of her claims than allowing her to pursue her own claims in her own case.

In sum, the judgment may be affirmed as Boulton's "motion to intervene lacked a specific pleading" justifying intervention. Boulton Br. A-3. Boulton alleges no impediment to protecting her interests caused by the denial of intervention, which was for the express purposes of litigating her own claims in Carmichael, *et al.*'s case.

### 4. *Adequacy of Representation*

As noted above, Boulton has no interest at stake in Carmichael, *et al.*'s

litigation and has not argued otherwise. As far as the Government can discern, outside the theoretical possibility of *stare decisis* effect on Carmichael, *et al.*'s similar claims for damages, denial of intervention poses no impediment to Boulton litigating her own suit. But to the extent Boulton *might* have an unargued interest in appealing the ruling on Carmichael, *et al.*'s claims for damages following a final order, Boulton has not shown Carmichael or Lewis would not appeal and that they would be inadequate representatives for that interest. "The original burden of showing inadequate representation rests on the applicant for intervention." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). The burden "is not onerous[,]" but it exists. *Id.*; *Trbovich v. UMW*, 404 U.S. 528, 538 n.10 (1972).

In this case, Carmichael and Lewis have already tried—albeit unsuccessfully—to appeal the district court's order regarding damages. *See* Order (Aug. 11, 2022), Document #1958987. It is highly likely that Carmichael and Lewis will appeal upon a final order, and Boulton offers no suggestion that she would argue their appeal differently than they would. "A would-be intervenor is adequately represented when she 'offer[s] no argument not also pressed by' an existing party." *United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*, 45 F.4th 426, 432 (D.C. Cir. 2022). Additionally, representational adequacy may be found where the prospective intervenor has "revealed by their conduct that they find [the existing parties'] representation adequate." *Id.*

27

This occurred here. In the district court, Boulton delegated her filings to Carmichael to file and serve on her behalf. *See* Notice of Appeal (Document #1948006 at 13-15). This conduct supports the conclusion that Boulton trusts that Carmichael would be an adequate representative of Boulton's interest, if any, in Carmichael's appeal of his own case upon a final order. More importantly, Boulton offers no argument that her nondescript interests in Carmichael's appeal would be inadequately represented by Carmichael.[8] The judgment should thus be affirmed.

## II. Pakosz's Appeal is Not Properly Before the Court.

Hollingsworth's brief is entirely dedicated to arguing on behalf of Pakosz. *See* Hollingsworth's Brief ("Hollingsworth Br."), Document #1973122. However, Hollingsworth cannot pursue Pakosz's appeal.

For starters, Hollingsworth never moved to substitute for Pakosz on appeal under Fed. R. App. P. 43(a). When a party "entitled to appeal dies before filing a notice of appeal, the decedent's personal representative… may file a notice of appeal within the time prescribed by these rules." *Id.* After the notice of appeal is filed, "the decedent's personal representative may be substituted as a party on motion filed… by the representative or by any party" or, alternatively, "any party may suggest the

---

[8]    The tension between finding *pro se* Carmichael an adequate representative of Boulton's interests (if any) and the rule that *pro se* litigants cannot represent others need not be resolved. Here, Boulton has both signaled her faith in Carmichael's representation through her conduct and failed to raise any argument against Carmichael's adequacy. Boulton's failure to carry her "minimal" burden of proof (*Trbovich*, 404 U.S. at 538 n.10) is a matter of pleading, not a matter of law.

death on the record." *Id.* Thereafter, "the court of appeals may then direct appropriate proceedings." *Id*. None of this occurred.

Accordingly, the Court should dismiss Pakosz's appeal without regard to Hollingsworth's briefing because no person has been substituted for Pakosz in conformity with Rule 43(a). While this rule is a procedural device,[9] it is still an important one. As observed by the Third Circuit, "several of our fellow circuits have interpreted Appellate Rule 43 to permit dismissing the claims involving the decedent when no representative has been substituted within a reasonable time period." *Aldossari v. Ripp*, 49 F.4th 236, 260-61 (3d Cir. 2022). The Eighth Circuit, for example, holds failure to comply with Rule 43(a) presents a jurisdictional defect and prevents consideration of the appeal. *Campbell v. Iowa*, 702 F.3d 1140, 1141 (8th Cir. 2013); *Younts v. Fremont Cty.*, 370 F.3d 748, 752 (8th Cir. 2004) ("Because the deceased [] is not a proper party on appeal and no proper party has been substituted for her, we cannot address the merits of the appeal raised on [the deceased's] behalf."). This Court's precedent suggests alignment with the Eighth Circuit. *Cobell v. Jewell*, 802 F.3d 12, 24 (D.C. Cir. 2015) (explaining the "delay in [Rule 43(a)] substitution could have been fatal" because the lack of a living appellant shakes the

---

[9]    In this case, a properly-filed Rule 43(a) motion would have also served to notify appellees and the Court as to whose claims will be the subject of briefing. Such motions provide an opportunity for appellees to contest whether the decedent is "entitled to an appeal" under Fed. R. Civ. P. 43(a)(2).

"foundational and indispensable element of a case or controversy [] that a plaintiff have a 'personal stake in the outcome' at all stages of the litigation.").

Regardless of which approach this Court takes, the Federal Rules of Appellate Procedure ought not to be ignored. *Id.* (warning plaintiffs to "act diligently and promptly in providing courts formal notice of the death of a party… and making the legally required substitution."); *Deibel v. Hoeg*, 998 F.3d 768 n.* (7th Cir. 2021) (admonishing parties that a deceased defendant-appellee would be "dismiss[ed]... as a party" "[u]nless within ten days [appellant] files an appropriate motion for substitution"). The Court should disregard Hollingsworth's pursuit of Pakosz's appeal on the grounds that substitution has not been made under Rule 43(a); but to the extent it does not, the Court is required to dismiss Pakosz's appeal on jurisdictional grounds.

The Court need not decide anew whether it has jurisdiction over Pakosz's appeal because the motions panel already held that it does not. Order (Aug. 11, 2022), Document #1958987 at 2. Law of the case doctrine requires this Court to reach the same result. *LaShawn A. v. Barry*, 87 F.3d 1389, 1393-94 (D.C. Cir. 1996) (*en banc*) ("the law-of-the-case doctrine: the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result.*" (emphasis in original)). The doctrine applies because a panel of this Court has already reviewed the March 25, 2022 order and found jurisdiction to review the order dismissing

Pakosz's claims to be lacking. Order (Aug. 11, 2022), Document #1958987 at 2.

"Under this court's practice, a decision of the motions panel is the law of the case; a

later panel considering the merits is bound by that law." *Petties v. District of*

*Columbia*, 227 F.3d 469, 472 (D.C. Cir. 2000) (Ginsburg, J.). While the doctrine is

not unflinching and has exceptions for "extraordinary circumstances," *LaShawn A.*,

87 F.3d at 1393, the doctrine applies because the panel was correct.

     While the district court dismissed Pakosz's claims, the claims of co-plaintiffs

Carmichael and Lewis remain ongoing. As such, there has been no final judgment

by the district court. "A 'final decision' under section 1291 ordinarily must resolve

every claim of every party in a case." *Attias v. CareFirst, Inc.*, 969 F.3d 412, 416

(D.C. Cir. 2020). Federal Rule of Civil Procedure 54(b), which builds on the baseline

"finality" principle from 28 U.S.C. § 1291, provides:

> ….[T]he court may direct entry of a final judgment as to one or more,
> but fewer than all, claims or parties only if the court expressly
> determines that there is no just reason for delay. Otherwise, any order
> or other decision, however designated, that adjudicates fewer than all
> the claims or the rights and liabilities of fewer than all the parties does
> not end the action as to any of the claims or parties and may be revised
> at any time before the entry of a judgment adjudicating all the claims
> and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). While it is undisputed that Pakosz lacks any claim remaining

to be litigated in the district court, he is also without a final judgment to appeal at

this point because his co-plaintiffs' claims remain pending. Absent certification by

the district court, "any decision 'that adjudicates… the rights and liabilities of fewer

than all the parties' is not a final, appealable judgment." *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 506 (D.C. Cir. 2018) (quoting Fed. R. Civ. P. 54(b)). The district court also did not enter final judgment as to Pakosz or certify his appeal. Thus, even if Pakosz were still alive, Pakosz would not be entitled to an appeal until a final judgment has been entered by the district court. The panel was correct when it found it lacked jurisdiction.

### III. Hollingsworth's Appeal from the Denial of His Motion to Substitute Should be Dismissed, or Affirmed in the Alternative.

#### A. Hollingsworth Waives Appeal by Failing to Brief Jurisdiction or Substitution.

Like Boulton, Hollingsworth also fails to brief his sole appealable issue. *See* Hollingsworth's Brief ("Hollingsworth Br."), Document #1973122. His opening brief mentions substitution in his statement of issues (*id.* at 5), but contains no developed argument. "Simply listing the issues on review without briefing them does not preserve them." *Terry v. Reno*, 101 F.3d 1412, 1415 (D.C. Cir. 1996). Issues briefed in "conclusory fashion and without visible support" are waived. *Bd. of Regents of the Univ. of Wash. v. EPA*, 86 F.3d 1214, 1221 (D.C. Cir. 1996). Although Hollingsworth appears to challenge the denial of substitution, his "papers stop at suggestion: the issue is nowhere explained." *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 861 (D.C. Cir. 2015). The Court should find the issue of substitution waived, considering the Court's clear statement that substitution was the sole issue on Hollingsworth's appeal. Order (Aug. 11, 2022), Document #1958987.

32

But before reaching whether Hollingsworth has categorically waived his challenge to the denial of his substitution, Hollingsworth neither develops nor argues any theory of this Court's appellate jurisdiction, notwithstanding that it is Hollingsworth's burden to show appellate jurisdiction over his appeal. *Scenic Am., Inc. v. U.S. Dep't of Transp.*, 836 F.3d 42, 48 (D.C. Cir. 2016). Undeveloped theories of appellate jurisdiction may be waived as easily as undeveloped merits arguments. *U.S. ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1518 n.2 (10th Cir. 1996) ("Our duty to consider unargued *obstacles* to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have *supported* such jurisdiction."). Given this Court has previously expressed some doubt as to the appealability of the denial of his Rule 25(a) motion (Order (Aug. 11, 2022), Document #1958987), Hollingsworth's waiver of argument on appellate jurisdiction should independently doom his appeal.

### B.  If Analyzed, The Court Lacks Jurisdiction to Review the Denial of Hollingsworth's Motion to Substitute.

In its August 11, 2022, order, the Court noted it "possibly" had jurisdiction "with respect to the denial of appellant Hollingsworth's motion to substitute himself for a deceased plaintiff[,]" but did not decide the issue. Order (Aug. 11, 2022), Document #1958987. Hollingsworth has waived arguments in favor of jurisdiction by failure to brief any. But even if analyzed, the Court should conclude that it lacks jurisdiction to review the denial of Hollingsworth's motion to substitute.

33

While this Court has yet to specifically address the extent of its jurisdiction to review an order on a motion to substitute, other circuits have addressed the question. According to the Eleventh Circuit, "an order denying a motion for substitution is not a final decision under 28 U.S.C. § 1291 unless it has 'the effect of a dismissal.'" *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1336 (11th Cir. 2022) (quoting 1 Motions in Fed. Court § 6:75 (West 3d ed. & Mar. 2022 update)). In the Second Circuit, a denial of a motion to substitute may only be reviewed if "the denial of the motion to substitute caused the dismissal of the action," or if "the denial of [a party's] motion for substitution would be appealable under the collateral order exception." *Billino v. Citibank, N.A.*, 123 F.3d 723, 727 (2d Cir. 1997); *see also Ashmore v. CGI Grp., Inc.*, 860 F.3d 80, 86 (2d Cir. 2017) (dismissing appeal of substitution order where district court case was ongoing and requirements of collateral order doctrine not met). The Second Circuit's view is shared by the Fifth Circuit. *In re Covington Grain Co.*, 638 F.2d 1357, 1360 (5th Cir. 1981). Other circuits have noted the general rule that orders regarding substitution are generally not appealable. *See*, *e*.g., *Bauer v. Commerce Union Bank*, 859 F.2d 438, 440 (6th Cir. 1988); *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1325 (10th Cir. 1978).

As explained *supra*, there has been no final order within the meaning of 28 U.S.C. § 1291 in this case. Hollingworth only argues that Pakosz's claims have been dismissed. Hollingsworth Br. at 2. Hollingsworth acknowledges the litigation is

"ongoing" with respect to Carmichael and Lewis. *Id.* at 30. The denial of his Rule 25(a) motion to substitute is thus not a final order within the meaning of Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1291, because Carmichael and Lewis's claims remain pending. Order (Aug. 11, 2022), Document #1958987 at 2; *Ashmore*, 860 F.3d at 86 ("The dismissal of a co-plaintiff's claim does not resolve the litigation, and the dismissed plaintiff may not immediately appeal from the non-final order of dismissal."). Thus, § 1291 provides no basis to exercise appellate jurisdiction.

Additionally, appellate jurisdiction under the well-guarded "collateral order doctrine"—mentioned once by Hollingsworth in passing—has also not been established. The Supreme Court has "stringent[ly]" limited that doctrine to only those district court orders "[1] that are conclusive, [2] that resolve important questions completely separate from the merits, and [3] that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action." *Dig. Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 867-68 (1994). Even if not waived, the third prong alone is dispositive here.

Specifically, the order denying substitution is not appealable because the order is not "'effectively unreviewable' if an appeal is delayed until after a final judgment." *Ashmore*, 860 F.3d at 88. This "third prong of the… [collateral order] test is satisfied only where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial."

*Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (internal quotation marks omitted). "That a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment has never sufficed." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (internal marks and ellipses omitted). If the proper procedure is followed, the interlocutory order denying Hollingsworth's substitution for Pakosz would be reviewable following a final judgment by the district court. Courts can and do review challenges to interlocutory orders on intervention following a final decision in the district court. *See*, *e.g.*, *Flores v. Concepcion*, 734 F. App'x 512, 512 (9th Cir. 2018); *Ferguson v. Warden Schuylkill FCI*, 647 F. App'x 70, 71 (3d Cir. 2016); *Giles v. Campbell*, 698 F.3d 153, 159 (3d Cir. 2012); *Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*, 566 F.2d 8, 22 n.9 (7th Cir. 1977); *Boggs v. Dravo Corp.*, 532 F.2d 897, 901 (3d Cir. 1976). The order on Hollingsworth's motion is no different, and Hollingsworth offers no hint as to why collateral order doctrine supplies appellate jurisdiction here.

In sum, Hollingsworth has not put forward any theory for this Court's jurisdiction, and neither the Government nor the Court are required to find viable jurisdictional theories in Hollingsworth's abdication of his burden to do so. As noted by now-Justice Gorsuch, "[w]here an appellant fails to lead, we have no duty to follow. It is the appellant's burden, not [the court's], to conjure up possible theories to invoke our legal authority to hear [the] appeal." *Raley v. Hyundai Motor Co.*, 642

F.3d 1271, 1275 (10th Cir. 2011).

Accordingly, Hollingsworth's appeal should be dismissed because he waived the issue of substitution; waived the issue of jurisdiction; and if not dismissed for waiver, it should be dismissed for lack of appellate jurisdiction.

### C. Even without Waiver and Even Assuming Jurisdiction, the District Court's Judgment May be Affirmed.

As noted *supra*, Hollingsworth advances no argument that the district court abused its discretion in denying substitution. Instead, Hollingsworth challenges the dismissal of Pakosz's claims as though he had in fact been substituted for Pakosz. To the extent Hollingsworth raises arguments on the merits of his motion to substitute in his reply brief, "those arguments come too late. By failing to present these arguments in [his] initial brief, [he] has abandoned them." *Carrizosa*, 47 F.4th at 1336. The Court should not consider the merits of Hollingsworth's motion to intervene when Hollingsworth has not briefed it, even after the Court specifically identified the issue for briefing. *See id.*

If the Court does somehow reach the merits, the district court's judgment should be affirmed. It is not clear that Hollingsworth is the proper substitute. According to Hollingsworth, he is Pakosz's son-in-law, not a blood-relative. Hollingsworth Br. 30. This aside, and even if Hollingsworth had the support of Pakosz's estate and surviving blood-relatives, the district court acted comfortably within its discretion in denying substitution when the effect of granting substitution

would have been Hollingsworth's representation of Pakosz estate's then-extinguished claims *pro se*. *Ferguson*, 647 F. App'x at 71 ("…Ferguson may not seek to substitute a party for his father as the plaintiff by filing a motion for substitution *pro se*."); *accord* Order (Aug. 11, 2022), Document #1958987 ("A *pro se* litigant may not represent another person in court.").

The district court's proffered basis for denying substitution may also be affirmed. All of Pakosz's claims were extinguished through death, mootness, or dismissal, and therefore, there was no basis under Rule 25(a) to grant Hollingsworth's motion for substitution. As there was no Rule 25(a) basis to grant Hollingsworth's motion (and Hollingsworth argues none), the Court should affirm.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Boulton's and Hollingsworth's appeals because they have waived their appeals by failing to brief the issues, even though this Court specifically identified the issues to be briefed.

To the extent it does not, Hollingsworth's appeal should be dismissed because he waived all jurisdictional arguments, or for a lack of appellate jurisdiction in the alternative. The Court should affirm the judgment denying Boulton's intervention.

Finally, the Court should not consider Pakosz's appeal, improperly briefed by Hollingsworth, because no motion to substitute Pakosz has been made (or granted) as required by Fed. R. App. P. 43(a). Alternatively, Pakosz's appeal must be

dismissed on jurisdictional grounds under law of the case doctrine, or it should be

dismissed for lack of jurisdiction otherwise for lack of an appealable order.

DATED: January 18, 2023                    Respectfully submitted,

MATTHEW M. GRAVES                          BRIAN M. BOYNTON
*United States Attorney*                    *Principal Deputy Assistant*
                                           *Attorney General*
R. CRAIG LAWRENCE                          Civil Division
STEPHEN DEGENARO
*Assistant United States Attorneys*         WILLIAM C. PEACHEY
U.S. Attorney's Office for the             *Director*
District of Columbia                       Office of Immigration Litigation
                                           District Court Section

                                           YAMILETH G. DAVILA
                                           *Assistant Director*

                                           MICHAEL A. CELONE
                                           *Senior Litigation Counsel*

                                           */s/ David J. Byerley*
                                           DAVID J. BYERLEY
                                           *Trial Attorney* (DC Bar # 1618599)
                                           U.S. Department of Justice
                                           Office of Immigration Litigation
                                           District Court Section
                                           P.O. Box 868, Ben Franklin Station
                                           Washington, D.C. 20044
                                           202-532-4523 | david.byerley@usdoj.gov

                                           *Counsel for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(A)(7)(C), the undersigned counsel certifies that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) and contains 9,671 words, including footnotes, but excluding the cover page, certificate of parties, rulings, and related cases, table of contents, table of authorities, statement regarding oral argument, signatures, and certificates of counsel. No changes other than deferred appendix citations and correction of typographical errors were made to the body of this final version of Appellees' brief.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25 and D.C. Cir. Rule 25, Defendants-Appellees hereby certify that the foregoing was filed electronically via the Court's CM-ECF filing system on January 18, 2023. The same day, electronic copies were also sent by counsel via email to Movant-Appellants at the following email addresses:

Rick Dale Hollingsworth                      Michelle Boulton
PO Box 25                                    8491 Hospital Dr. #178
Matteson, IL 60443                           Douglasville, GA 30134-2412
708-306-0040                                 LadyTia2@aquawest.net
grnmachine95@yahoo.com

Paper copies of the foregoing will also be sent via U.S. Postal Service to Movant-Appellants at the mailing addresses listed above.

/s/ David J. Byerley
DAVID J. BYERLEY
*Attorney for Defendants-Appellees*