ORAL ARGUMENT NOT SCHEDULED

No. 22-5143

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

RICK DALE HOLLINGSWORTH,
*Movant-Appellant*,

MICHELLE BOULTON
*Movant-Appellant,*

*v.*

ANTONY J. BLINKEN, *et al.*,
*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
No. 1:19-cv-02316 | Hon. Rudolph Contreras

## DEFENDANTS-APPELLEES' MOTION TO SUBMIT APPEAL

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
*Assistant Director*

MICHAEL A. CELONE
*Senior Litigation Counsel*

DAVID J. BYERLEY
*Trial Attorney*
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES ................................................................................ 1

STATEMENT OF THE CASE .................................................................................... 2

    I.   Summary of Appellate Proceedings ............................................................. 2

    II.  The District Court's March 20, 2023 Order. .................................................. 4

PROPOSED PROCEDURAL APPROACH ............................................................... 5

    I.   The Appeal from the Denial of Boulton's Motion to Intervene Should be Decided. ........................................................................................................... 6

    II.  Hollingsworth's Appeal from the Denial of his Motion to Substitute Should Also Be Decided. ............................................................................................ 8

    III. Pakosz is Not a Party and Has No Appeal. .................................................... 8

CONCLUSION .............................................................................................................. 9

## STATEMENT REGARDING ORAL ARGUMENT

Defendants-Appellees respectfully submit that this motion (and the appeal, generally) can and should be deemed submitted and decided without oral argument.

## STATEMENT OF THE ISSUES

I. How should the Court proceed in light of the district court's March 20, 2023 order dismissing all remaining claims in this case?

## PROPOSED RESPONSE

As to Movant-Appellant Michelle Boulton, her appeal from the denial of her motion to intervene as of right is fully briefed and ripe for review. As to Movant-Appellant Rick Dale Hollingsworth, his appeal from the district court's denial of his motion to substitute under Fed. R. Civ. P. 25(a) is also fully briefed and ripe for review. William Pakosz (deceased, July 2021) is not a party to this appeal and arguments made on his behalf are not properly before the Court. Each of these issues has been fully briefed and are ready for disposition.

The March 2023 order does not have a substantial impact on this appeal and re-briefing is unnecessary. Consistent with this Court's prior order denying the Government's request to hold this appeal in abeyance pending resolution of the district court proceedings, this fully-briefed appeal can and should be decided in the normal course. To do so serves the ends of judicial economy for the reasons stated below.

# STATEMENT OF THE CASE[1]

## I. Summary of Appellate Proceedings

On December 7, 2022, Defendants-Appellees (the "Government") submitted their brief[2] in this interlocutory appeal by Movant-Appellant Michelle Boulton ("Boulton") and Movant-Appellant Rick Dale Hollingsworth ("Hollingsworth") from the district court's March 25, 2022 Opinion ("March 2022 Op."), which denied Boulton's motion to intervene as of right and Hollingsworth's motion to substitute as a plaintiff for William Pakosz ("Pakosz"), who died on July 5, 2021.

However, the appeal was not initially as narrow. Originally, this appeal was noticed by David Alan Carmichael ("Carmichael"), purportedly on behalf of all Plaintiffs below (Carmichael, Pakosz, and Lawrence D. Lewis ("Lewis"), (collectively, "Plaintiffs")), as well as Movant-Appellants Boulton and Hollingsworth. Plaintiffs sought appellate review of, *inter alia*, the district court's March 25, 2022 order dismissing each Plaintiff's claims for monetary damages, dismissing Pakosz's equitable claims as moot in light of his death, and leaving Lewis and Carmichael's claims for equitable relief open. March 25, 2022 Op. (App'x 23-

---

[1] The Government respectfully refers the Court to its Appellees' brief for a fuller history of the district court proceedings leading to this appeal. Document #1981820 at 2-9. This recitation includes only that necessary to resolve the motion.
[2] Under the deferred appendix procedure, the Government's "final" brief submitted on January 18, 2023 differed from the December 7, 2022 version only with respect to appendix citations and typographical corrections.

2

55); Appellants' Statement of Issues (Document #1952231) at 1-9. Review was also sought from the denial of Boulton's motion to intervene under Fed. R. Civ. P. 24 and the denial of Hollingsworth's motion to substitute as a plaintiff for Pakosz under Fed. R. Civ. P. 25. *Id.* at 4-5.

As such, the Government moved to dismiss the appeal insofar as Carmichael, Lewis, and Pakosz sought appellate review of the dismissal of some, but not all, of Plaintiffs' claims for lack of appellate jurisdiction. Government's Motion to Dismiss (Document #1954389). On August 11, 2022, a panel of this Court agreed, ruling:

> … the order on review thus did not resolve all of the claims of all of the parties, it is not an appealable final order, except with respect to the immediately-appealable denial of appellant Boulton's motion for intervention as of right, ..., and possibly with respect to the denial of appellant Hollingsworth's motion to substitute himself for a deceased plaintiff. None of the exceptions to the finality requirement of 28 U.S.C. § 1291 invoked by appellants applies in the present case….

Order (Aug. 11, 2022), Document #1958987. The Court dismissed Carmichael and Lewis as parties to the appeal. *Id.* Relevant to this motion, the panel also denied the Government's request to hold the appeal in abeyance pending a full resolution in the district court. *Id.* Accordingly, the two issues on appeal are the denial of Movant-Appellant Boulton's motion to intervene and the denial of Movant-Appellant Hollingsworth's motion to substitute.[3]

---

[3]    The Court also ordered that Appellees' "motion to dismiss be referred in part to the panel to which this case is assigned, with respect to appellant Hollingsworth's appeal of the district court's denial of his motion to substitute parties." The

3

As such, the Government submitted briefing responsive to these two issues. The Government's brief argued that, as to Boulton: (A) Boulton failed to brief the propriety of the district court's denial of intervention, and thus waived the issue on appeal; (B) the district court's denial of intervention was proper and should be affirmed; and (C) the district court's order denying intervention can be upheld because Boulton's motion to intervene failed to satisfy Fed. R. Civ. P. 24. Appellees' Final Br. (Document #1981820 at 11-28). As to Hollingsworth, the Government's brief explained that: (A) like Boulton, Hollingsworth failed to brief substitution; (B) even if Hollingsworth had briefed appellate jurisdiction, the Court lacks jurisdiction to review the denial of Hollingsworth's motion to substitute; and (C) even if the Court has jurisdiction, the district court's judgment regarding the denial of substitution may be affirmed. *Id.* at 32-39. As to Pakosz, the Government argued that Pakosz was not a party, Hollingsworth's brief on Pakosz's behalf was not properly before the Court, and that the Court lacked jurisdiction over Pakosz's appeal regardless. *Id.* at 28-32. Briefing concluded on December 27, 2022.

## II. The District Court's March 20, 2023 Order.

On March 20, 2023, the district court entered judgment dismissing the remainder of Carmichael's and Lewis's claims. The district court found that because

---

Government briefed the jurisdictional issues in full in their Appellees' brief. At this juncture, there is no reason to decide the motion to dismiss (Document #1954389)—to the extent any part thereof remains pending—independently from the full briefing.

4

the Government had issued valid passports to Lewis and Carmichael without requiring them to submit their social security numbers ("SSNs"), Lewis and Carmichael's claims for injunctive relief related to their passports had become moot, and no mootness exception applied. *See* March 20, 2023 Opinion (Dist. Ct. Dkt. #150). The district court thus dismissed the underlying matter entirely. On May 15, 2023, Carmichael and Lewis filed a notice of appeal of that order. *See* Dist. Ct. Dkt. ECF #152.

Following the district court's final order dismissing Carmichael and Lewis's remaining claims, a special panel of this Court directed the Parties to "file motions to govern further proceedings by June 20, 2023, in light of the district court's March 20, 2023 order dismissing all remaining claims in this case." Order (March 27, 2023), Document #1991796. The Government submits this motion accordingly.

## PROPOSED PROCEDURAL APPROACH

The Court should decide the appeals of Boulton and Hollingsworth, which have been fully briefed and are ripe for a decision. Pakosz is not a party to this appeal, Hollingsworth's arguments on Pakosz's behalf were improper, and Pakosz's appeal was premature regardless. The district court's March 2023 order has no great impact on the Court's resolution of these issues such that further briefing is required.

Finally, deciding this appeal at the Court's earliest convenience would serve the goals of judicial economy and it would be consistent with the Court's earlier

5

denial of the Government's request to hold this appeal in abeyance pending completion of proceedings before the district court. Therefore, the Court should consider the appeal submitted and render a decision on the existing briefing.

## I. The Appeal from the Denial of Boulton's Motion to Intervene Should be Decided.

As to Boulton's appeal, the appeal from the denial of her motion for intervention is ripe for review and a decision. The district court's denial of Boulton's motion to intervene should be affirmed for all the reasons stated in the Government's Appellee brief.[4] For the reasons below, judicial economy would be best served by deciding Boulton's interlocutory appeal at the Court's earliest convenience.

Specifically, if the Court affirms the denial of Boulton's motion to intervene now, then Boulton would not be a party to any appeal brought by Carmichael and Lewis from the final judgment. If Boulton were excluded from a later-filed appeal from the March 23, 2023 Order, her exclusion has the potential to narrow the parties and issues for briefing any later appeal brought by Carmichael and Lewis. Deferring a ruling or consolidating the appeals would mean that the Government would be

---

[4] Assuming, *arguendo*, that Boulton's appeal is not moot. This Court's precedent is divergent on this point. *Compare Harrington v. Sessions* (*In re Brewer*), 863 F.3d 861, 868 (D.C. Cir. 2017) ("…if a motion to intervene can survive a case becoming otherwise moot, then so too can a motion to intervene survive a stipulated dismissal.") *with Energy Transp. Grp., Inc. v. Mar. Admin.*, 956 F.2d 1206, 1210 (D.C. Cir. 1992) ("We first dismiss as moot the appeals from the district court orders denying intervention. The complaints in the underlying litigation were dismissed…, so there is no longer any action in which to intervene.").

forced to brief Boulton's other interlocutory challenges as if the denial of intervention were improper in order to avoid waiving any arguments, even though this Court could not consider Boulton's other challenges if the denial of intervention were affirmed. *Harrington v. Sessions (In re Brewer)*, 863 F.3d 861, 871 (D.C. Cir. 2017) ("Indeed, we must address the motion for intervention before considering the [intervenor's] petition for interlocutory review because only a party may appeal an adverse order.").

On the other hand, if this Court finds Boulton should have been granted intervention, then Boulton becomes a plaintiff in the district court litigation upon remand. Boulton becoming a plaintiff upon remand would upset the finality of the district court's March 20, 2023 order disposing of all the claims of all of the parties. Order (August 11, 2022) (Document #1958987) (holding if the order on review "did not resolve all of the claims of all of the parties, it is not an appealable final order[.]"). If Boulton prevails in this appeal and is allowed to intervene as a Plaintiff, then Carmichael and Lewis would have to await resolution of all of Boulton's independent claims in the district court until they can pursue an appeal under 28 U.S.C. § 1291. As such, all interests are best served by determining Boulton's appeal posthaste.[5]

---

[5] For this reason, the Government will consider moving to stay Carmichael's and Lewis's newly-filed appeal from the March 20, 2023 order pending a determination in this interlocutory appeal as to whether Boulton was entitled to

7

## II. Hollingsworth's Appeal from the Denial of his Motion to Substitute Should Also Be Decided.

As to Hollingsworth's appeal, it should be dismissed for lack of appellate jurisdiction for the reasons stated in the Government's brief.[6] Appellees' Br. (Document #1981820) at 32-38. Alternatively, the Court should affirm the district court's ruling denying Hollingsworth's motion to substitute as briefed by the Government. *Id.* Like Boulton, whether the denial of Hollingsworth's motion to substitute was proper could have an impact on Hollingsworth's place—if any—in a later appeal from the final judgment. It would therefore be similarly efficient to resolve his appeal in advance of the appeal by Carmichael and Lewis.

## III. Pakosz is Not a Party and Has No Appeal.

As to "Pakosz's appeal," which was improperly briefed by Hollingsworth *pro se*, it was never properly before the Court because Pakosz is not a party to this appeal as stated in the Government's brief. Appellees' Br. (Document #1981820) at 28-30. No Fed. R. App. P. 43(a) substitution for the deceased Pakosz had been moved for or granted. *Id.* Even if properly presented, the Court lacked appellate jurisdiction to consider Pakosz's appeal because Carmichael's and Lewis's claims remained

---

intervene in the district court as a plaintiff.

[6] How Fed. R. App. P. 4(a)(2) might apply here is less than straightforward. But because Hollingsworth did not brief appellate jurisdiction in his opening brief (Document #1973122) and so waived his arguments, it is not necessary to wade into this procedural thicket.

8

pending at the time briefing concluded.[7] Order (Aug. 11, 2022), Document #1958987. The final order does not impact this Court's ruling on Pakosz's party status or the jurisdictional defects the Government identified.

## CONCLUSION

For the foregoing reasons, the Court should consider the appeal submitted, and proceed towards a decision on Boulton's appeal from the district court's March 25, 2022 denial of her motion to intervene and Hollingsworth's appeal from the denial of his motion to substitute.

---

[7] Pakosz's appeal should not be considered to have ripened months after briefing concluded, even if he were a party.

DATED: May 16, 2023

MATTHEW M. GRAVES
*United States Attorney*

R. CRAIG LAWRENCE
STEPHEN DEGENARO
*Assistant United States Attorneys*
U.S. Attorney's Office for the
District of Columbia

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant
Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
*Assistant Director*

MICHAEL A. CELONE
*Senior Litigation Counsel*

*/s/ David J. Byerley*
DAVID J. BYERLEY
*Trial Attorney* (DC Bar # 1618599)
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(A)(7)(C), the undersigned counsel certifies that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and contains 2,083 words, including footnotes, but excluding the certificate of parties, rulings, and related cases, table of contents, table of authorities, statement regarding oral argument, and certificates of counsel.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25 and D.C. Cir. Rule 25, Defendants-Appellees hereby certify that the foregoing was filed electronically via the Court's CM-ECF filing system on May 16, 2023. The same day, electronic copies were also sent by counsel via email to Movant-Appellants at the following email addresses:

Rick Dale Hollingsworth
14930 Greenbrier Lane
Homer Glen, Illinois 60491
grnmachine95@yahoo.com

Michelle Boulton
8491 Hospital Dr. #178
Douglasville, GA 30134-2412
LadyTia2@aquawest.net

The undersigned will also cause paper copies of the foregoing to be sent via U.S. Postal Service to Movant-Appellants at the mailing addresses listed above.

*/s/ David J. Byerley*
DAVID J. BYERLEY
*Attorney for Defendants-Appellees*

1